# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 17-60900-CIV-GAYLES

**BLUESTAR LATIN AMERICA, INC.,**

    **Plaintiff,**

**v.**

**SUPERCOM LTD., and**
**SUPERCOM, INC.**

    **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Amended Motion and Incorporated Memorandum of Law to Vacate Clerk's Default, Final Judgment and Abate Enforcement of Judgement or, in the Alternative, Extend Time to Answer or Respond to the Complaint (the "Amended Motion") [ECF No. 40]. The Court has reviewed the Motion and the record and is otherwise fully advised.

Plaintiff Bluestar Latin America, Inc. ("Plaintiff") filed the Complaint in this action on May 5, 2017. Plaintiff served Defendant Supercom, Inc., a Delaware corporation, on May 16, 2017, via serving its registered agent, Registered Agent Solutions, Inc. [ECF No. 10]. Plaintiff served Defendant Supercom, Ltd, an Israeli corporation, in accordance with the Hague Convention, on May 21, 2017. Both Supercom, Inc. and Supercom, Ltd. failed to timely respond to the Complaint. As a result, Plaintiff moved for a clerk's default against each Defendant. [ECF Nos. 11, 13]. On June 8, 2017, the Clerk entered a default against Supercom, Inc. and on June 16, 2017, the Clerk entered a default against Supercom, Ltd. [ECF Nos. 12, 14]. On June 22, 2017, Plaintiff moved for a default

judgment against Defendants and, on June 23, 2017, moved for immediate registration of the judgment [ECF Nos. 15, 16]. On June 27, 2017, the Court entered a Default Judgment in favor of Plaintiff and against Defendants Supercom, Inc. and Supercom, Ltd.

On October 4, 2017, Defendants filed an emergency motion to vacate the clerk's default and abate enforcement of the judgment [ECF No. 25]. Following a hearing, the Court permitted Defendants to file an amended motion to vacate the clerk's defaults and final default judgment. On November 3, 2017, Defendants filed the Amended Motion [ECF No. 40].

In the Amended Motion, Defendants explain in detail the defenses they intend to assert in this action. In addition, Defendants set forth plausible explanations for their failure to timely respond to the Complaint. Plaintiff opposes the Motion, arguing that Defendants have failed to provide a sufficiently good reason for the failure to satisfy the Rule 60(b) standard for vacating a default judgment. [ECF No. 41, 49].

Where the asserted basis for the delay is excusable neglect, "to establish grounds for relief under Rule 60(b)(1) 'a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743 (11th Cir. 2017) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). As the Eleventh Circuit has repeatedly explained, because of a "strong policy of determining cases on their merits," Rule 60(b) "is applied most liberally to judgments in default." *Id.* (first quoting *Fla. Physician's Ins. Co, Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); then quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981)).

The Court finds that Defendant has met its burden here to warrant vacating the final default judgment and setting aside the clerk's default. The Court finds SuperCom, Inc. and Supercom, Ltd.'s failure to timely respond – due to clerical and/or administrative failures – to be excusable neglect. In addition, Defendants acted within a reasonable time to vacate the Default Judgment. While Plaintiff asserts that Defendants have not adequately alleged valid defenses, the Court finds Defendants' purported defenses are sufficient to vacate the default, and declines to further weigh the merits of Plaintiff's claims or Defendants' defenses at this stage of the litigation. Finally, the Court finds no undue prejudice to the Plaintiff.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Amended Motion and Incorporated Memorandum of Law to Vacate Clerk's Default, Final Judgment and Abate Enforcement of Judgement or, in the Alternative, Extend Time to Answer or Respond to the Complaint [ECF No. 40] is **GRANTED**;

2. the Default Judgment [ECF No. 17] is **VACATED**;

3. the Clerk is directed to set aside the Clerk's Defaults [ECF No. 12, 14] entered in this case;

4. the case is **REOPENED**; and

5. Defendants shall respond to the Complaint on or before March 14, 2018.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE