CASE NO. 17-60900-CIV-GAYLES/SELTZER

BLUE STAR LATIN AMERICA, INC.,

      Plaintiff,

vs.

SUPERCOM LTD.,

      Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on referral [DE 66] from U.S. District Judge Darrin P. Gayles for appropriate disposition of all pretrial discovery motions. After a hearing regarding discovery, the Court directed Plaintiff to file a written Motion to Compel Document Production, which was filed on June 4, 2018 [DE 89]. The Court also ordered Defendant to file an expedited response [DE 87], but Defendant has failed to respond.

At issue are four depositions duces tecum which the District Court has ordered to be taken by June 15, 2018. [DE 84]. At a hearing on May 30, 2018, the undersigned directed the parties to attempt to agree[1] to a date for the depositions within the time set by the District Court, but absent an agreement, directed Plaintiff to unilaterally set the depositions at a time of its choosing [DE 87]. It appears that the parties have in good faith attempted to reach an agreement on deposition dates but were unable to agree to dates

---

[1] The scheduling of the depositions has been complicated by one counsel's planned travel out of the country and opposing counsel's wedding ceremony, both of which occurred between the date of the discovery hearing and the June 15, 2018, deadline.

within the time period set by the District Court.[2]  Thus, Plaintiff has unilaterally set the depositions for Friday, June 15, 2018,  in New York, which is the last day on which depositions can be taken per the District Court's Order.  Thus, the depositions have been properly set in accordance with the Court's previous Order [DE 87].

The next issue concerns the production of documents.  Plaintiff seeks an Order compelling SuperCom, LLC, to produce the documents requested in the April 12, 2018, Notice of Rule 30(b)(6) Deposition of SuperCom, LLC [DE 89-1].  SuperCom, Ltd. served a Response to the Plaintiff's Subpoena Duces Tecum [DE 89-10] on May 29, 2018, and raised general and specific objections to the requests, including lack of relevancy and unduly burdensome.  At the May 30, 2018, discovery hearing, SuperCom's counsel announced that it would produce all documents responsive to Plaintiff's Request Numbers 3, 6, 7, 8, and 9.  The Court directed Plaintiff to file a written Motion to Compel and directed Defendant to file an expedited response [DE 87].

In its Motion to Compel, Plaintiff further modified the remaining objected-to document requests as follows:

> Request 1.  True copies of all of the original stock certificates for the capital stock of SuperCom, Inc. and the corporate entity through which SuperCom, Ltd. does business in Ecuador.
>
> Request 2.  All monthly financial statements (including but not limited to balance sheets, income statements, and profit

---

[2] Plaintiff would be willing to postpone the depositions until June 18 or June 19 and Defendant has offered to schedule the depositions for June 25, 28 or 29, but those dates fail to comply with the deadline set by the District Court.  Additionally, Plaintiff is unwilling to postpone the depositions to the last week of discovery, in case the deposition testimony reveals the need for additional discovery to be taken.

& loss statements) for SuperCom, Inc. and SuperCom, Ltd. from Nov. 30, 2015 to date.

Request 4. All bank statements December 15, 2015 to date for all bank accounts of SuperCom, Ltd. or SuperCom, Inc. with any bank located anywhere in the world.

Request 5. All loan agreements and other documents relating to any bank or other financial institution, wherever located, that related to a currently outstanding loan to or other credit facility for SuperCom, Ltd. or SuperCom, Inc.

Plaintiff argues that SuperCom failed to timely object to the documents requested in the deposition notice and, therefore, all objections that SuperCom may have had to the document requests have been waived. Additionally, Plaintiff argues that the objections raised by SuperCom were "canned" boilerplate responses that should not be sustained:

Defendant objects to this request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is any way beyond the scope of disclosure required byi the Federal Rules of Civil Procedure. [DE 89-10].

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." Bailey v. City of Daytona Beach Shores, 286 F.R.D. 625, 627 (M.D. Fla. 2012) (quoting Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009). Furthermore, "the court retains discretion to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery, even if a timely objection has not been

made." <u>Wymore v. Nail</u>, 2016 WL 1452437, at *2 (W.D. La. Apr. 13, 2016) (citations omitted).

The documents requested by Plaintiff are, at best, marginally relevant to the claims and defenses of the parties. Fed. R. Civ. P. 26(b)(1). The Court also has concerns about the proportionality of the requests to the needs of the case. However, Defendant has failed to show good cause for its failure to timely object, and has not shown grounds for sustaining its objections. Indeed, Defendant has failed to timely respond to Plaintiff's Motion to Compel. Accordingly, the Court must conclude that Defendant's objections to the Requests to Produce have been waived. For this reason, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Document Production [DE 89] is **GRANTED.** The depositions scheduled for June 15, 2018, in New York shall proceed, and SuperCom, Ltd. shall produce the documents requested in Plaintiff's April 12, 2018, Notice of Deposition by 5:00 p.m. June 13, 2018. The discovery hearing set for June 7, 2018, at 2:00 p.m. is **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of June 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF